<mark>NO JS-6</mark>

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE SMITH, ) <br>                 Plaintiff, ) <br>    v. ) <br> JAY PATEL, an individual dba ) <br> AMERICAS BEST VALUE INN- ) <br> OXNARD/PORT HUENEME, ) <br>                 Defendant. ) | Case No. CV 09-04947 DDP (CWx) <br><br> **Order Granting Motion to Dismiss** <br><br> [Motion filed on August 10, 2009] |

Presently before the Court is Defendant Jay Patel's Motion to Dismiss for failure to state a claim and for lack of subject matter jurisdiction. The Court grants the motion, but will provide Plaintiff leave to amend his complaint.

**I.  Background**

Plaintiff John Doe Smith (pleading pseudonymously) is an African-American male.[1] (Compl. ¶ 12.) He is disabled and requires the assistance of a service animal. (Id.) The complaint states that Plaintiff "is disabled within the meaning of and definition set forth in the Americans with Disabilities Act of

---

[1] Plaintiff's Certification and Notice of Interested Parties, (Dkt. No. 4), states that his name is Herman Clavon III.

1990, 42 U.S.C. § 1201, *et seq.*," but does not explain the nature of his disability.  (Id.)

Plaintiff alleges that on an unspecified date in December 2008, he was denied public accommodation at Defendant's hotel – the America's Best Value Inn Oxnard/Port Hueneme – "because he is a minority and was then accompanied by a service animal."  (Id. ¶ 14.)  The complaint also states that Defendant's hotel has "refused and continue[s] to refuse to make reasonable modifications to their policies, practices and procedures in order to allow persons such as Plaintiff who are of African-American descent and are disabled to enter" the establishment.  (Id. ¶ 15.)

Plaintiff filed the present action seeking damages, an injunction, and declaratory relief on July 10, 2009.  The complaint alleges violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and California Civil Code §§ 51, *et seq.*, 52, *et seq.*, and 54, *et seq.*

**II.  Discussion**

    **A.   Failure to State a Claim**

Defendant contends that Plaintiff's complaint fails to state a claim on which relief can be granted.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court laid out the following methodological approach for testing the adequacy of a plaintiff's complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950. The complaint's "non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

After dispatching the conclusory allegations set forth in Plaintiff's complaint, the Court is left with scant factual content to assess. Plaintiff contends that Defendant's hotel denied him reasonable public accommodation, but does not elaborate on the underlying circumstances. In his Opposition, Plaintiff suggests that Defendant denied him a room, but that allegation is not stated within the complaint. Without factual content describing the circumstances of the alleged denial of public accommodation, the Court is unable to determine whether Plaintiff's claim is plausible on its face. Accordingly, the complaint fails to satisfy the pleading standards set forth in Iqbal.

**B.    Leave to Amend**

Courts are free to grant a party leave to amend a complaint whenever "justice so requires." Fed. R. Civ. P. 15(a)(2). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.

2002) (quoting Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991)).

Because Plaintiff may be able to add factual content to his complaint such that it states a claim on which relief can be granted, the Court grants him leave to do so.

**C.   Pseudonymous Pleading**

Plaintiff brought this action under a pseudonym, and contends that doing so was necessary to protect his "good name and reputation" from "irrelevant character attacks." (Compl. ¶ 4.)

As a general matter, a complaint must state the names of all parties.[2] Fed. R. Civ. P. 10(a); see also United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1980) ("[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."). A party that wishes to depart from the default requirement of full disclosure must first seek leave to do so. 4 Exotic Dancers v. Spearmint Rhino, 2009 WL 250054 at *1 (C.D. Cal. Jan. 29, 2009). Such leave will be permitted where a party affirmatively shows that "pseudonymity is 'necessary to protect a person from injury or harassment.'" United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting Doe, 488 F.3d at 1155 n. 1).

The Ninth Circuit has delineated three scenarios in which requests to plead pseudonymously should be granted: (1) when

---

[2] Defendant suggests that Plaintiff's noncompliance with Rule 10(a) deprives the Court of subject matter jurisdiction. He offers no support for the proposition, and the Court is not aware of any authority so holding. Accordingly, the Court does not consider the parties' dispute about pseudonymous pleading to be a jurisdictional issue.

4

identification of a party creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).

The Court is not persuaded that the "cloak of anonymity" is necessary in this case.  Plaintiff offers no specific information suggesting that disclosure of his identity would expose him to a risk of physical or mental harm, relying instead on vague generalizations about risks that all civil rights plaintiffs bear. (See Compl. ¶ 4) (explaining that civil rights plaintiffs are "sometimes thought of as troublemakers," and accordingly, "defendants frequently make irrelevant character attacks").  It cannot be, however, that every plaintiff alleging race, gender or some other form of invidious discrimination has the right to litigate his or her claim pseudonymously.  A rule so broad would be inconsistent with both the plain language of Rule 10(a), and the federal courts' general policy favoring disclosure.

If Plaintiff chooses to file an amended complaint, it must be amended to include his name.  See Hernandez-Avila v. Averill, 735 F.2d 25, 28 n. 4 (2d Cir. 1984) (explaining that, pursuant to Federal Rule of Civil Procedure 15, courts may allow a party to correct technical defects in a case caption).

**III. Conclusion**

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss.  The Court grants Plaintiff leave to amend his

1 complaint, but he must do so within twenty days of the date of this
2 Order, and he must amend the case caption to comply with Federal
3 Rule of Civil Procedure 10(a).

5 IT IS SO ORDERED.

7 Dated: September 18, 2009

                                        DEAN D. PREGERSON
                                        United States District Judge

6